Haluk Savci, Esq.
Mason Tender District Council of Greater NY
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

JUDGE OETKEN

15 CV 2984

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND

and

ROBERT BONANZA, as Business Manager
of the MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK,

              Plaintiffs,

       -against-

SMC CONSTRUCTION CORP.

             Defendant.
--------------------------------------------------------------x



Complaint
Civil Action
No. --

ECF CASE

RECEIVED
APR 17 2015
U.S.D.C. S.D. N.Y.

      The TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND (hereinafter" the MTDC Fringe Benefit Funds" or "the Funds"), with their principal place of business at 520 Eight Avenue, Suite 600, New York, New York 10018, and ROBERT BONANZA, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK (hereinafter referred to as the "Union" or "the MTDC") with their principal place of business at 520 Eight Avenue, Suite 650, New York, New York 10018, by and through their undersigned

counsel, for their complaint against SMC CONSTRUCTION CORP. ("SMC" or the "Defendant"), with its principal place of business at 77 Gazza Boulevard, East Farmingdale, New York 11735, allege as follows:

## INTRODUCTION

1. This is an action to confirm an arbitration award issued pursuant to arbitration procedures adopted by the trustees of employee fringe benefit funds regarding the collection of contributions from delinquent participating employers. The action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9, for monetary and injunctive relief. This action arises from the failure of Defendant to fully comply with an arbitration award and failure to make contributions to the MTDC Fringe Benefit Funds as required by ERISA, the applicable collective bargaining agreement ("CBA") between Defendant and the Union, the Amended and Restated Agreements and Declarations of Trust governing the Plans, and the Arbitration Procedures thereto.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1145; and Section 9 of the Arbitration Act, 9 U.S.C. § 9.

3. Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Company transacts business in this judicial district and because the plaintiffs maintain their office in this judicial district. Venue

also lies in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district, including the arbitration hearing.

## STATEMENT OF FACTS

### The Parties

4. Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1)). The purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018.

5. Plaintiff Robert Bonanza is the Business Manager of the union and brings this action for dues and contributions in his representative capacity pursuant to Section 12 of the General Associations Law of the State of New York.

6. Upon information and belief, SMC is, and at all times relevant to this action has been, a corporation organized and existing under the laws of the State of New York. It maintains its principal place of business at 77 Gazza Boulevard, East Farmingdale, New York 11735. At all times relevant to this action, Defendant was an "employer" within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7. The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145.

8. The Funds are third-party beneficiaries of the collective bargaining agreements between SMC and the MTDC that require contributions to be made to the Plans.

## THE COLLECTIVE BARGAINING AGREEMENT

9. SMC is a party to a CBA with the Mason Tenders District Council effective from July 1, 1996 through 1999 which, according to its terms at Article XII, renewed annually unless otherwise terminated. On behalf of the John F. Davie Construction Corp. ("JFD Construction"), Salvatore Coppolo executed the CBA. On June 5, 2003, JFD Construction notified the MTDC that it had changed the name of the corporation to SMC Construction Corporation.

11. The CBA establishes the terms and conditions of employment for all bargaining unit employees at SMC.

12. The CBA requires SMC to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set

forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBAs are also designated as the authorized collection agent for the Mason Tenders District Council and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

13. The CBA requires the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

14. The CBA permits the Trustees of the Plans to take any legal action for the purpose of collecting the delinquency form the employer.

15. The CBA further provides that in the event legal action is taken, the Employer is responsible for:

   a. unpaid contributions;

   b. interest on unpaid contributions determined by using the rate prescribed under section 6621 of Tile 26 of the United States Code;

   c. an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

   d. reasonable attorneys' fees and costs of the action;

   e. such other legal or equitable relief as the court deems appropriate.

16.     The CBA further provide that the Employer agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

## TRUST AGREEMENTS

17.     SMC is an "Employer" as defined by the Trust Agreements. SMC is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBAs.

18.     The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

19.     In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

20.     Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators. Pursuant to these amendments, the Trustees also adopted Arbitration Rules and Procedures Governing Employer

Audits and Delinquency Disputes specifically authorizing remedies under arbitration to include those available pursuant to the Trust Agreement, relevant collective bargaining agreement and/or Section 502 of ERISA including but not limited to attorneys' fees and arbitration costs.

## THE ARBITRATION AND AWARD

21. On February 26, 2014, the Funds and MTDC forwarded to SMC by certified mail a demand and intent to conduct an arbitration before Arbitrator Joseph Harris for delinquent fringe benefit contributions and other contributions owed for the period April 1, 2008 through December 25, 2011. Arbitrator Harris subsequently by letter dated February 28, 2014, gave notice to the Funds and SMC he would conduct a hearing on March 27, 2014.

22. The hearing was duly conducted on March 27, 2014. No representative appeared on behalf of SMC. In support of its claim, the Funds entered into evidence summary findings prepared by Funds' auditors following a books and records examination that reported SMC owed the Funds for the period April 1, 2008 through December 25, 2011 some $57,799.68 in benefits, $4,665.23 in dues and Political Action Committee ("PAC") contributions and $3,709.16 in interest.

23. On April 19, 2014, Arbitrator Harris issued an Opinion and Award in favor of Plaintiffs ordering SMC to pay the Funds delinquent fringe benefits and other monies dues for the periods April 1, 2008 through December 25, 2011 totaling $78,834.01 comprising $57,799.68 in delinquent fringe benefit contributions, $4,665.23 in delinquent dues and PAC contributions, $3,709.16 in interest, $11,559.94 in ERISA liquidated damages and $1100.00 in arbitration and attorney fees.

24. Upon receipt of the award, the Funds made demand for payment to Defendant. To date, no amount has been remitted against the Award total.

## FIRST CAUSE OF ACTION

25.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 24 above. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration…then at any time within one year after the award is made any party to the arbitration may apply to the court…for an order confirming the award."

26.     Plaintiffs have demanded payment of the sums found to be due under the April 19, 2014 Award and Defendant has not paid these amounts.

27.     Plaintiffs now timely seek to confirm the Award and to render the Award a judgment because of the Defendant's failure to make the payments directed by the Award. Defendant is liable to the Plaintiffs for $78,834.01 in principal fringe benefits, dues and PAC contributions, interest, liquidated damages, and litigation costs for the period April 1, 2008 through December 25, 2011.

28.                             SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 27 above, as though set forth in full herein.

29.     Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement".

30. Section 502(g)(2) of ERISA, 29 U.S.C. §1132, requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan-

    a.    the unpaid contributions;

    b.    interest on the unpaid contributions;

    c.    an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (a);

    d.    reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

    e.    such other legal or equitable relief as the court deems appropriate."

30. Defendant's failure to remit contributions to the Funds for the period April 1, 2008 through December 25, 2011, and its failure to pay interest, liquidated damages, attorneys' fees and costs and the arbitrator's fee constitutes a breach of the terms of the CBA and the Plans' Trust Agreements and a violation of Section 515 of ERISA.

31. As a result of this failure, Defendant is liable to the Plaintiffs for $79,883.33 in principal fringe benefits, dues and PAC contributions, interest, liquidated damages, and litigation costs for the period April 1, 2008 through December 25, 2011.

## THIRD CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 31 above, as though set forth in full herein.

32. By failing to abide by the terms of the Award, Defendant breached its obligations under the labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

33. As a result of this failure, Defendant is liable to the Plaintiffs under the Arbitration Award and Plaintiff seeks timely confirmation and enforcement of the Arbitration Award including for $78,834.01 in principal fringe benefits, dues and PAC contributions, interest, liquidated damages, and litigation costs for the period April 1, 2008 through December 25, 2011.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter a judgment:

a. Declaring that Defendant is required to pay and is liable to the Plaintiffs for all damages set forth in the Award, including but not limited to for the period April 1, 2008 through December 25, 2011, comprising $78,834.01 in principal fringe benefits, dues and PAC contributions, interest, liquidated damages, and litigation; and

b. Confirming and entering judgment upon the Award of Arbitrator Joseph Harris, dated April 19, 2014, in all respects; and

c. Granting such other further legal and equitable relief as this Court may deem just and proper.

Dated: April 17, 2015

By: _____
Haluk Savci, Esq.(HS-0853)
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

Attorney for the Plaintiffs

Case 1:15-cv-02984-JPO   Document 1   Filed 04/17/15   Page 12 of 15

# Attachment 1

OFFICE OF THE IMPARTIAL ARBITRATOR
------------------------------------------------------------

In the Matter of the Arbitration Between	(
	(
	(
TRUSTEES OF THE MASON TENDERS DISTRICT	(  DEFAULT
COUNCIL FRINGE BENEFIT FUNDS and MASON	(  OPINION AND AWARD
TENDERS DISTRICT COUNCIL OF GREATER NEW	(
YORK   (Funds)	(  Joseph A. Harris, Ph.D.
	(  Impartial Arbitrator
            -and-	(
	(
SMC CONSTRUCTION CORP. (Defendant)	(
------------------------------------------------------------

Appearances:

For the Funds:
   Haluk Savci, Esq.        Associate General Counsel, MTDC
   Dominick Giammona     Manager, Mason Tenders Trust Funds

For the Employer:
   No One Appeared

The Mason Tenders District Council and the John F. Davie Construction Corp. were signatories to the "Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement." (Funds Exhibit 1, or "F-1") Salvatore M. Coppola, Vice-President, signed the CBA as of June 1, 1996. (F-2) On February 5, 2003, Mr. Coppola signed a "Certificate of Amendment of Certificate of Incorporation" pursuant to Section 805 of the Business Corporation Law, certifying that the name of his corporation had been changed to SMC Construction Corp – with the Federal Identification Number remaining the same. By letter of June 5, 2003, Denise Palmieri, Operations Manager of General Contractor & Construction Management Services, wrote to Anthony Silveri, of the Mason Tenders District Council, to inform him of the name change. To this day, the CBA remains in effect, according to the Mason Tenders District Council. The CBA states that it "shall renew from year to year thereafter unless

1

either party hereto shall give written notice to the other of its desire to modify, amend, or terminate this Agreement..." (F-1, p. 41) The Funds assert that it has not received any notice.

On or about February 26, 2014, the Funds sent me a "Notice of Intention to Arbitrate" dated February 26, 2014 and requested that I conduct an arbitration regarding:

> Delinquent fringe benefit contributions and other contributions due to the Funds and the District Council pursuant to the provisions of the collective bargaining agreement between SMC CONSTRUCTION CORPORATION and the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK as determined by an audit for the period 04/01/2008 through 11/25/2011 in the amount of $57,799.68 in addition to $4,665.23 in dues and PAC contributions, and $2,842.16 in statutory interest as of 10/08/2013 for a total of $65,307.07.

On February 28, 2014, I sent a First Class letter to each Party, informing them that the Arbitration on the above matter would be held on March 27, 2014 at the Funds office in New York City. I did not receive any response from the Defendant, and my letter to the Defendant was not returned by the US Postal Service. On March 20, 2012, Mr. Savci appeared. No representative of the Defendant appeared. The Funds reported that they did not receive any communication from the Defendant. I proceeded to conduct the Hearing as a Default Hearing.

The Funds entered the following exhibits into the record:

Funds Exhibit 1 – Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement, 1996-1999.

Funds Exhibit 2 – Signature page of CBA.

Funds Exhibit 3 – Audit report from Schultheis&Panettieri, LLP for period April 1, 2008 to December 25, 2012, and Funds requests for Defendant to make payments.

Funds Exhibit 4 – Deficiency Report of March 27, 2014. It concludes that the Defendant owes fringe benefits, dues and PAC, and current interest totaling $66,174.07 for the period April 1, 2008 to December 25, 2012. Details are listed below.

The Funds ask the Arbitrator to rule that the Defendant owes these claimed moneys. Additionally, the Funds state that ERISA requires the Defendant to pay liquidated ERISA statutory damages of $ 11,559.94 (20% of outstanding principal).

### AWARD

Based on the substantial and credible evidence presented at the hearing, the undersigned finds the Defendant owes delinquent fringe benefits, dues and PAC contributions, current interest on its delinquent Fringe Benefits payments, and ERISA damages to the Funds and the District Council. In addition, the Defendant owes attorney fees and pro-rated arbitrator fees to the Funds.

SMC Construction Corporation shall pay to the Funds the total of the Items below:

**April 1, 2008 – December 25, 2012**
**(Based on Audit Report)**

| | |
|---|---:|
| Delinquent Contributions for Fringes | $ 57,799.68 |
| Delinquent Contributions for Dues & PAC | 4,665.23 |
| Current Interest (as of March 27, 2014) | 3,709.16 |
| ERISA Damages (20% of Outstanding Principal) | 11,559.94 |
| Attorney Fees | 500.00 |
| Pro-Rated Arbitrator Fees (Prorated Daily Rate + Writing) | 600.00 |
| **TOTAL OWED** | **$78,834.01** |

The total award is effective upon receipt and payable within 10 days of receipt.

Date: April 19, 2014

JOSEPH A. HARRIS, PH.D.
Impartial Arbitrator

3